IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DALE KEISTER, | CIVIL ACTION NO. |
| Plaintiff | |
| v. | |
| | **JURY TRIAL DEMANDED** |
| ARCELORMITTAL STEELTON, LLC, and ARCELORMITTAL USA, INC., | |
| Defendants | *ELECTRONICALLY FILED* |

## COMPLAINT

Plaintiff, Dale Keister, a resident of Dauphin County, Pennsylvania, by and through his attorneys, brings this civil action for damages against the above-named Defendants, ArcelorMittal Steelton, LLC, and ArcelorMittal USA, Inc., demands a trial by jury, and complains and alleges as follows:

## THE PARTIES

1. Plaintiff, Dale Keister ("Mr. Keister" or "Plaintiff") is an adult Caucasian individual who currently resides Harrisburg, Dauphin County, Pennsylvania.

2. Defendant, ArcelorMittal Steelton, LLC, is a Delaware corporation, which operates the Steel Mill located at 215 South Front Street, Steelton, Dauphin County, Pennsylvania ("the Steel Mill").

3. Defendant, ArcelorMittal USA, Inc. (collectively with Defendant, ArcelorMittal Steelton, LLC, "Defendants"), is a Delaware corporation, which operates the Steel Mill.

4. Upon information and belief, Defendants jointly operate the Steel Mill and are jointly responsible for its day-to-day operations.

## JURISDICTION AND VENUE

5. This Complaint alleges illegal harassment and discrimination on the basis of Plaintiff's race, all in violation of the laws and statutes of the United States of America, specifically, Section 1981 of the Civil Rights Act of 1866, as amended, 42 U.S.C. § 1981 ("Section 1981"), as well as pendent state law claims arising under the provisions of the laws of this Commonwealth, to wit, the Pennsylvania Human Relations Act, as amended, 43 P.S. § 951, *et seq*. ("the PHRA").

6. This Honorable Court has jurisdiction of this matter, case, and controversy pursuant to 28 U.S.C. §§ 1331, 1343(a)(4), 1367 and 42 U.S.C. § 2000e-5(f).

7. Declaratory relief is sought pursuant to 28 U.S.C. §§ 2201 and 2202. Venue is proper in the Middle District of Pennsylvania pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to these claims occurred in this Judicial District.

## ADMINISTRATIVE PROCEEDINGS

8. In or around June 2018, Mr. Keister filed a Charge of Discrimination against Defendants with the Pennsylvania Human Relations Commission ("PHRC"), alleging race discrimination.

9. In or about October 2018, Mr. Keister was informed by the PHRC that the PHRC had lost his complaint; Mr. Keister subsequently filed a second complaint with the PHRC on or about October 23, 2018, which was docketed as PHRC Charge No. 201800970.

10. All necessary and appropriate administrative prerequisites to the filing of this action have occurred and been satisfied.

## STATEMENT OF FACTS

11. In approximately October 2006, Mr. Keister was hired by Defendants as an Operating Technician at the Steel Mill.

12. Mr. Keister worked for Defendants as an exemplary employee until approximately December of 2017, at which time he became the target of racially-motivated hostility from one of his African-American co-workers, Mark Steele.

13. In or about December 2017, Mr. Steele began attacking Mr. Keister verbally, including racial slurs, and threatening him with violence; this behavior occurred multiple times a week, yet Defendants took no disciplinary action against Mr. Steele.

14. Mr. Steele's behavior escalated to the point that he initiated a physical confrontation with Mr. Keister in December of 2017.

15. During this confrontation, Mr. Steele grabbed a steel bar out of Mr. Keister's hands, called Mr. Keister racial slurs, and threatened him with violence. Mr. Keister participated unwillingly in the confrontation only insofar as to defend himself.

16. As a result of the confrontation, Defendants suspended Mr. Keister without pay, demoted him, and placed him on a last chance agreement, yet took no disciplinary action against Mr. Steele.

17. Defendants' actions were motivated solely by race, as Mr. Steele was the racial aggressor but since he was one of only a few African-Americans working at the Steel Mill, Defendants irrationally feared a race discrimination lawsuit if they disciplined a non-Caucasian, minority employee for illegal, discriminatory behavior.

18. Mr. Keister filed a grievance with his union; upon information and belief, Mr. Steele threatened Mr. Keister's union representative with violence should Mr. Keister not be terminated.

19. Ultimately, on or about May 30, 2018, Defendants terminated Mr. Keister as a result of the behavior of Mr. Steele.

20. Defendants did not discipline Mr. Steele.

21. Defendants discriminated against Mr. Keister on the basis of his race by subjecting him to different disciplinary standards than its African-American employees, namely Mr. Steele, and by terminating him for the same alleged conduct in which an African-American employee had engaged.

22. Defendant discriminated against Mr. Keister by denying him the same enjoyment of all benefits, privileges, terms, and conditions of the employment relationship, in violation Section 1981, which prohibits discrimination in contracting on the basis of race, and by treating him differently than its African-American employees, in violation of the PHRA.

## COUNT I

### SECTION 1981 VIOLATIONS
### RACE DISCRIMINATION

23. All prior paragraphs are incorporated herein as if set forth fully below.

24. At all times relevant herein, Mr. Keister sought to engage in a contractual relationship with Defendants.

25. At all times relevant herein, Defendants acted by and through their agents, servants, and employees, to intentionally discriminate against Mr. Keister and terminate his employment on the basis of his Caucasian race, thereby denying Mr. Keister the benefits of the contractual relationship he had entered into with Defendants.

26. The actions of Defendants set forth above constitute violations of Plaintiff's Federal civil rights under Section 1981.

27. As a result of this discrimination, Plaintiff has suffered economic loss, emotional distress, and a loss of self-respect and confidence, and his standing in the community has been damaged.

**WHEREFORE**, Plaintiff, Dale Keister, seeks damages against Defendants, ArcelorMittal Steelton, LLC, and ArcelorMittal USA, Inc., as set forth in the *Ad Damnum* clause of the instant Complaint, *infra*.

## COUNT II

### PHRA VIOLATIONS - RACE DISCRIMINATION

28. All prior paragraphs are incorporated herein as if set forth fully below.

29. This is an action arising under the provisions of the PHRA and this Court has, and should, exercise pendant jurisdiction over the same because the cause of action complained of in this Count II arises out of the same facts, events, and circumstances as Count I, and therefore judicial economy and fairness to the parties dictates that this Count be brought in the same Complaint.

30. By terminating Mr. Keister on the basis of his race, Defendants violated Mr. Keister's state rights under the PHRA, which prohibits such discrimination with respect to the continuation and tenure of employment.

31. As more fully set forth in Count I, Mr. Keister has suffered directly and solely as a result of Defendant's actions, great pecuniary loss, damage, and harm and will continue to suffer the same for the indefinite future.

**WHEREFORE**, Plaintiff, Dale Keister, seeks damages against Defendants, ArcelorMittal Steelton, LLC, and ArcelorMittal USA, Inc., as set forth in the *Ad Damnum* clause of the instant Complaint, *infra*.

## *AD DAMNUM* CLAUSE/PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Dale Keister, prays that this Honorable Court enters judgment in his favor and against Defendants, ArcelorMittal Steelton, LLC, and ArcelorMittal USA, Inc., and that it enters an Order as follows:

a.  Defendants are to be permanently enjoined from discriminating or retaliating against Plaintiff on the basis of his Caucasian race and/or any basis prohibited under applicable federal and state law;

b.  Defendants are to be prohibited from continuing to maintain its illegal policy, practice, or custom of discriminating or retaliating against employees based on their race and are to be ordered to promulgate an effective policy against such discrimination and retaliation and to adhere thereto;

c. Defendants are to compensate Plaintiff, reimburse Plaintiff, and to make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendantss illegal actions, including but not limited to back pay, front pay, salary, pay increases, bonuses, medical and other benefits, training, promotions, pension and seniority. Plaintiff should be accorded those benefits illegally withheld from the date he first suffered discrimination at the hands of Defendants until the date of verdict;

d. Plaintiff is to be awarded actual damages, as well as damages for the pain, suffering, and humiliation caused to him by Defendants' actions;

e. Punitive damages as provided for under 42 U.S.C. § 1981;

f. Plaintiff is to be accorded any and all other equitable and legal relief as the Court deems just, proper, and appropriate;

g. Plaintiff is to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable federal and state law;

h. Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of

the caps on certain damages set forth in applicable federal and state law;

i. Plaintiff is to be granted such additional injunctive or other relief as he may request during the pendency of this action in an effort to ensure Defendants do not engage - or cease engaging - in illegal retaliation against Plaintiff or other witnesses to this action; and

j. The Court is to maintain jurisdiction of this action after verdict to ensure compliance with its Orders therein.

## DEMAND FOR JURY

Pursuant to Federal Rule of Civil Procedure 38(b) and otherwise, Plaintiff respectfully demands a trial by jury.

Respectfully submitted,

Weisberg Cummings, P.C.

May 23, 2022
Date

*s/ Steve T. Mahan*
Steve T. Mahan (PA 313550)
smahan@weisbergcummings.com

*s/ Derrek W. Cummings*
Derrek W. Cummings (PA 83286)
dcummings@weisbergcummings.com

*s/ Larry A. Weisberg*
Larry A. Weisberg (PA 83410)

lweisberg@weisbergcummings.com

*s/ Michael J. Bradley*
Michael J. Bradley (PA 329880)
mbradley@weisbergcummings.com

2704 Commerce Drive, Suite B
Harrisburg, PA 17110
(717) 238-5707
(717) 233-8133 (FAX)

*Counsel for Plaintiff*